In re MIAMI RAILROAD STATION (No. 2).

Railroad & Public Utilities Commission.

June 28, 1955.

Chairman WILBUR C. KING and commissioners JERRY W. CARTER and RICHARD A. MACK participated in the disposition of this case.

BY THE COMMISSION.

On October 27, 1949 this commission entered its order #1567 finding that the Miami passenger station of the Florida East Coast Ry. (hereinafter referred to as "the F. E. C.") is inadequate and fails to meet the public convenience and necessity. We further found in that order that the location of the station in downtown Miami causes serious traffic problems and tends to retard the full growth and development of the city. As a result of these findings we directed the railroad trustee to remove the station from downtown Miami, and to build a new, modern and adequate station at N. E. 20th Terrace, which location the city of Miami advocated at that time.

Subsequent to the issuance of the foregoing order, and after it had received the approval of the federal district court, subject to further approval by the Interstate Commerce Commission, we called a formal conference in Miami with representatives of Dade County and the city of Miami for the purpose of formulating plans for the filing of necessary and appropriate proceedings with the Interstate Commerce Commission for final approval of the new station. At that conference the board of county commissioners, acting as the Dade County port authority, announced that it would subsequently file with this commission a petition advocating the construction of a union railroad passenger station east of LeJeune

Road between N. W. 14th Street and N. W. 20th Street in lieu of the station and site approved by the commission in its previous order.

At that conference the city of Miami also presented a resolution requesting that a public hearing be held to consider the advisability of such a union station. The petition was filed later by the county and a public hearing was held thereon, as requested. The port authority proposed to build a station on LeJeune Road and lease it to the F. E. C. and the Seaboard Airline Railroad to be used by them as a union station. This was opposed by both railroads and it appeared to be the consensus of opinion at said hearing, as stated by the attorney for the port authority, that further consideration of the matter by the commission would be futile in the absence of a voluntary agreement by the railroads to use the proposed union station.

John W. Martin, trustee of the F. E. C., testified at said hearing that construction of a new station at N. E. 20th Terrace, as ordered by the commission on October 27, 1959, presented many insurmountable obstacles. In lieu of the N. E. 20th Terrace location, the trustee proposed the construction of a new station on the site of the railroad's Buena Vista yards which he intended to move to Hialeah. He testified that this new location offered the quickest solution to Miami's passenger station problem and on a more economical basis for the railroad. The railroad's Buena Vista yards are located at approximately 36th Street and this proposal would enable the city to open more than thirty streets to vehicular traffic.

As a result of said hearing, the commission dismissed the county's petition and ordered the trustee to build the new station on the site of the Buena Vista yards. The trustee has already requested authority from the federal court to spend the money necessary to move the yards.

The city thereafter filed with this commission a petition for a rehearing which was supported by a resolution from the port authority. In view of the apparent objection of the city and county officials to the Buena Vista site the undersigned commissioners felt the petitioners should have another opportunity to furnish this commission factual evidence on which we could base a proper decision in this important matter. Accordingly, the petition for rehearing was granted and the matter was again set for a public hearing in Miami.

The commission's order requiring the trustee to build a new and modern station at the Buena Vista location is still outstanding and subject to the rehearing already granted by the commission.

In approaching this latest hearing, it was our hope that it could be conducted orderly and with proper decorum. On the eve of the hearing, however, the mayor of the city made a violent verbal attack on the undersigned commissioners through the press and over television, impugning the motives of the commissioners and charging them with being pro-railroad in their handling of this matter. As a result of these charges, when the hearing was convened we invited all parties participant to present any objections they might have to any member of this commission participating further in this cause. No objections were made, and being conscious of no bias for or against any party, we proceeded with the hearing as scheduled.

During the course of the hearing, Randall Christmas, one of the city's principal witnesses and a member of the Miami city commission, launched an attack upon the undersigned commissioners which bordered upon contempt. Whereupon the hearing was recessed and subsquently adjourned until the following day with the suggestion to the city that it then be prepared to present its factual evidence in support of its union station proposal.

After the hearing was adjourned as aforesaid, and before it reconvened on the following morning, the mayor of Miami, also a principal witness for the city, and the city commissioner hereinbefore mentioned, again publicly charged the undersigned commissioners with improper conduct and bad faith in the conduct of these proceedings, impugned their motives, and questioned their integrity.

Immediately after the hearing reconvened, the undersigned commissioners announced that in view of the developments they believed it would be improper for any of them to continue to participate in these proceedings; that they therefore disqualified themselves; and would request the governor to appoint three circuit judges as provided by statute to conduct further hearings in this cause.

Now, therefore, in consideration of the facts and circumstances as recited herein, each of the undersigned members of the Florida Railroad and Public Utilities Commission does hereby disqualify himself from further participation in these proceedings upon the following ground—

The actions and conduct of the petitioning city's two principal witnesses as aforesaid, and the accusations and charges made against each of these commissioners by said witnesses, make it impossible for any of these commissioners to give fair and impartial consideration to the testimony of said witnesses—even though

we are conscious of no bias or prejudice concerning the merits of the city's and county's position.

Wherefore, the undersigned commissioners do hereby respectfully request the Honorable LeRoy Collins, governor of the state of Florida, to designate and appoint three circuit judges, as provided by section 120.09, Florida Statutes 1953, to conduct further appropriate proceedings in this cause.